In Maier v. State, 90 Tex.Cr.R. 459, 235 S.W. 576, 577, we said:

"The facts constituting the elements of the offense and its commission by the appellant were testified to by witnesses. They were not controverted by any testimony. No discrediting facts were introduced or suggested which would authorize the jury to disregard the testimony. Without arbitrarily disbelieving the evidence, a conviction was a necessary result. No change was suggested with reference to the charge which would or could, in our judgment, have affected the jury's assessment of the punishment. * * * on the contrary, it seems manifest that such irregularities as are complained of, granting the technical accuracy * * * of them, could have produced no result prejudicial to the appellant."

Had there been a disputed fact issue as to his possession of the whiskey, the charge as given would probably have constituted reversible error.

We do not construe the evidence as showing four or more distinct lots of whiskey to have been possessed by appellant.

It is true that the evidence shows that there were four loads delivered and that appellant removed a portion thereof at different times. It is not shown, however, that all of the whiskey from prior deliveries was taken away before other whiskey was delivered to Grant's home. The State was, therefore, not required to elect as to what particular whiskey out of the four loads they relied upon as having been possessed by appellant for the purpose of sale.

Other bills of exception have again been examined, and we remain convinced that no error is shown which calls for reversal.

Appellant's motion for rehearing is overruled.

## KING v. STATE.
### No. 26403.

Court of Criminal Appeals of Texas.

June 10, 1953.

No attorney on appeal for appellant.

Wesley Dice, State's Atty., of Austin, for the State.

GRAVES, Presiding Judge.

The conviction is for the offense of robbery by assault and violence. The punish-

ment assessed is confinement in the state penitentiary for a term of 25 years.

The indictment and all matters of procedure appear regular. The record is before us without a statement of facts or bills of exception, in the absence of which no question is presented for review.

The judgment of the trial court is affirmed.